The CITY OF WACO, Appellant,

v.

The CITY OF McGREGOR, Appellee.

No. 5300.

Court of Civil Appeals of Texas, Waco.

May 9, 1974.

Rehearings Denied May 23, 1974.

Albert R. Kuehl, Waco, for appellant.

Haley, Fulbright, Winniford & Bice, Waco, Amsler & Amsler, McGregor, for appellee.

HALL, Justice.

By ordinance dated December 12, 1966, the City of McGregor annexed a tract of approximately 900 acres which it has owned and maintained as a municipal airport since 1947. The City of Waco brought this suit to have the ordinance declared void. After a trial with a jury, a take-nothing judgment was rendered against the City of Waco. We affirm.

Waco's challenge to the ordinance is based upon the asserted failure of McGregor to comply with certain statutory requirements, especially several involving the extraterritorial jurisdictions of the cities,[1] when the ordinance was enacted.

Jury findings were made which would support conclusions of waiver, estoppel and laches against the City of Waco, upon the general basis that Waco was dilatory in questioning the ordinance. If the ordinance was void when enacted, it could not be made valid by Waco's subsequent action or inaction; and points of error two through thirteen to this effect are sustained.

If the ordinance was invalid for any of the reasons assigned by Waco, it was made effective when the legislature subsequently enacted Article 974d–12, Vernon's Ann.Civ.St., a general validation statute. The pertinent portion of this article provides:

"Sec. 2. The boundary lines of all [cities], including both the boundary lines covered by the original incorporation proceedings and any subsequent extensions thereof, are hereby in all things validated."

In City of West Lake Hills v. State ex rel. City of Austin, (Tex.Sup., 1971) 466 S.W.2d 722, the Court was concerned in part with the application of a general validation statute to an ordinance extending the limits of the City of West Lake Hills. After reviewing the statutes permitting the

1. See Article 970a, Vernon's Ann.Civ.St.

extension of municipal areas, the Court held: "In view of the repeated requirement of adjacency in the statutes, we do not believe that the validating statutes should be construed to a different effect in the absence of specific and express provision." The City of Waco cites this holding and, asserting that the annexed airport property is not adjacent to the City of McGregor, says that the validating statute before us has no application.

■ The word "adjacent" is used in the annexation statutes "in the sense of being 'contiguous' and 'in the neighborhood of or in the vicinity of,' without reference to the character of the land or the use to which it is put." State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780, 784 (1957). Whether land is adjacent to an annexing city is a law question to be decided upon the facts of each particular case. City of Irving v. Dallas County Flood Control Dist., (Tex. Sup., 1964) 383 S.W.2d 571, 576.

The following map, although not exact, reasonably shows the relative locations of the cities of McGregor and Waco and the annexed property:

The material evidence is undisputed. U.S. Highway 84, running east and west, bisects both cities. McGregor is located west of Waco, and is 13 miles west of the intersection of Highway 84 and State Highway 6. The annexed airport is situat-

ed on the north side of Highway 84. It is 1½ miles wide at its base. Immediately prior to the annexation, its western boundary was five miles from the McGregor city limit. Its eastern boundary is 6½ miles from the intersection of Highway 84 and Highway 6.

The annexation of the airport by McGregor was accomplished through the use of the so-called "spoke" or "stem" approach. The ordinance first delineates a strip of land 261 feet wide which is identical with the right-of-way of Highway 84 from the eastern limit of the city to the eastern boundary of the airport property, and then describes the airport acreage. At the time of the annexation, the airport property was without the extraterritorial jurisdiction of McGregor and within the extraterritorial limit of Waco. It was not within and did not touch the boundaries of any city.

Soon after Lake Waco was completed, in 1965, the City of Waco extended its limit by annexing all of the land purchased by the U.S. Corps of Engineers for the construction of the lake. As a result, a "finger" of the lake extended the Waco boundary westward to within one mile of the eastern boundary of the airport property. With the exception of the "finger," the Waco limit line nearest the airport is ½ mile west of the intersection of Highway 84 and Highway 6. The City of Woodway lies across and along Highway 84 for five miles between this point and the airport. The territory surrounding the airport, and that between Woodway and McGregor, between Waco and McGregor, northwest of Waco, and southwest of Woodway is unincorporated and is basically unimproved land. The only municipal service Waco can provide for Lake Waco is police patrol because the Corps of Engineers prohibits development of this area. The City of Waco cannot provide any better services to the airport property than can McGregor.

The record establishes as a matter of law that the annexed stem and airport are adjacent to the City of McGregor within the meaning of the annexation statutes. The first point of error, in which non-validation of the annexation ordinance is asserted, is overruled.

The judgment is affirmed.